`Case 3:07-cv-00113-TIV-LQ   Document 7   Filed 02/09/07   Page 1 of 5`

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CARL LANE,** :
: 
　　　　**Plaintiff,** : **CIVIL NO. 3:CV-07-0113**
:
　　vs. : **(JUDGE VANASKIE)**
:
**J. STIDD, et al.,** :
:
　　　　**Defendants.** :

## MEMORANDUM AND ORDER

Carl Lane, an inmate currently confined at the State Correctional Institution at Huntingdon (SCI-Huntingdon), Pennsylvania, filed this civil rights action on January 22, 2007, pursuant to 42 U.S.C. § 1983. Along with his complaint, Lane submitted a motion to proceed in forma pauperis.[1] Named as Defendants are J. Stidd, the Hearing Examiner at SCI-Huntingdon, and John Grover, a fellow inmate at the prison. Plaintiff alleges that he was issued a misconduct report based upon false information provided by inmate Grover. He contends that in the resulting disciplinary hearing conducted by Stidd, his procedural due process rights were violated when he was not permitted to question a witness and view a videotape, both of

---

[1] Lane completed this court's form application to proceed in forma pauperis and authorization form. An Administrative Order was issued on January 22, 2007 (Dkt. Entry 4), directing the warden at SCI-Huntingdon to commence deducting the full filing fee from Lane's prison trust fund account.

which were used as evidence against him. As relief, Lane seeks compensatory and punitive damages. The complaint is presently before the Court for preliminary screening. For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## I.   Background

Plaintiff alleges that on July 1, 2006, inmate Grover filed a false report with correctional officers at SCI-Huntingdon stating that Plaintiff had thrown liquid into Grover's cell and onto his television. Plaintiff received a misconduct report with regard to the incident. Plaintiff states, however, that it was actually Grover himself who committed this act in an effort to obtain a new television. On July 3, 2006, Defendant Stidd conducted a conference with Sergeant Marshal, the reporting staff officer. During the conference Stidd also conducted an in camera review of videotape evidence. Due to the poor quality of the videotape, Plaintiff states that Stidd was unable to confirm Plaintiff's presence on the tape. Approximately two hours later, a misconduct hearing was held. Plaintiff alleges that he was denied the opportunity to question Sergeant Marshal and view the videotape, even though this evidence was used against him, and resulted in a guilty verdict. It appears that as a sanction, Plaintiff was placed in the Restricted Housing Unit and may be transferred from SCI-Huntingdon.

## II.   Discussion

The Court is obligated to screen the complaint pursuant to 28 U.S.C. § 1915 when a

plaintiff wishes to proceed in forma pauperis, as is the case here.  Specifically, § 1915(e)(2) provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  In considering the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is guided by the principles applied in a Federal Rule of Civil Procedure 12(b)(6) analysis.  A motion to dismiss should not be granted if "under any reasonable reading of the pleadings, the plaintiff [ ] may be entitled to relief. . . ."  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000).  In making that decision, a court must accept as true all well-pleaded allegations in the complaint, <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the plaintiff's favor.  <u>See</u> <u>United States v. Occidental Chemical Corp.</u>, 200 F.3d 143, 147 (3d Cir. 1999).  Consequently, the Court need not accept "bald assertions" or "legal conclusions."  <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Likewise, the Court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to breathe life into an otherwise defective complaint.  <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988).  A district court should provide leave to amend "when amendment could cure the deficiency and would not be

3

inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover, however, is properly dismissed without leave to amend. Id.

In order to state an actionable claim under Section 1983, a plaintiff must allege that a person has deprived him or her of a federal right and, that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). Only two Defendants are named in the instant complaint. One of the Defendants, Grover, is an inmate at SCI-Huntingdon. Since there is no indication that Grover was acting under color of state law, he is not a proper defendant for purposes of § 1983.

Plaintiff raises procedural due process claims against Stidd for sanctioning him to placement in the RHU and a transfer without being permitted to question Sergeant Marshal and see the videotape used as evidence against him. In analyzing a due process claim, the threshold question is whether the plaintiff has been deprived of a protected liberty or property interest. See Shoats v. Horn, 213 F.3d 140m 143 (3d Cir. 2000). In a prison context, due process protection is limited to those situations where the deprivation rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). It is well established that Plaintiff has no liberty interest in being confined at any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983). Further, Plaintiff's confinement in the RHU since July 1, 2006, thus less

than seven (7) months, is not an atypical or significant hardship.  See Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002)(holding that due process claim properly dismissed where an allegation of false disciplinary report resulting in seven months' disciplinary confinement was not sufficient to constitute a due process deprivation under Sandin); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(finding that placement of a prisoner in administrative custody for 15 months did not involve an atypical, significant deprivation).  Plaintiff therefore does not assert a liberty interest for which he is entitled to due process protection.  For these reasons, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY**, this 9th day of February, 2007, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Complaint (Dkt. Entry 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                          **s/ Thomas I. Vanaskie**
                                                          Thomas I. Vanaskie
                                                          United States District Judge